IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GRAYSEN GAINE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JUDGE ANDREW T. PARK, IN HIS OFFICIAL CAPACITY AS JUDGE OF THE FAMILY COURT OF THE FIRST CIRCUIT, STATE OF HAWAII,<br><br>　　　　Defendant. | CIV. NO. 25-00407 JMS-RT<br><br>ORDER (1) GRANTING IFP APPLICATION, ECF NO. 2, AND (2) DISMISSING COMPLAINT, ECF NO. 1 |

### ORDER (1) GRANTING IFP APPLICATION, ECF NO. 2; AND (2) DISMISSING COMPLAINT, ECF NO. 1

Before the court is pro se Plaintiff Graysen Gaine's ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"), ECF No. 2. Plaintiff also filed a Complaint, ECF No. 1, in which he asserts a 42 U.S.C. § 1983 claim against State of Hawaii First Circuit Family Court Judge Andrew T. Park ("Defendant" or "Judge Park"). As discussed below, the court GRANTS Plaintiff's IFP Application and DISMISSES the Complaint.

### I. IFP APPLICATION

Federal courts may authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that includes a statement of all assets the person possesses, demonstrating that he is unable to pay

such costs or give such security. *See* 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (stating that, when a claim of poverty is made, the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty").

When reviewing a motion filed pursuant § 1915(a), "[t]he determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted). Although § 1915(a) does not require a litigant to demonstrate "absolute[] destitut[ion]," *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that he or she is "unable to pay such fees." 28 U.S.C. § 1915(a)(1). The court has reviewed Plaintiff's IFP Application and determines that he has made the required showing under 28 U.S.C. § 1915(a) to proceed in forma pauperis (i.e., without prepayment of fees). The court, thus, GRANTS Plaintiff's IFP application.

## II. STATUTORY SCREENING

The court must screen each civil action commenced under 28 U.S.C. § 1915(a) and order the dismissal of any complaint that is "frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (stating that § 1915(e) "not only permits but requires" the court to dismiss sua sponte an IFP complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *see Anders v. Cal.*, 386 U.S. 738, 744 (1967), and *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or lacks "an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, a complaint that fails to state a compensable claim should be dismissed when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court further clarified the "plausibility" standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), stating that "[t]hreadbare

3

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

In screening a complaint, the court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, however, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

### III.  **DISCUSSION**

Plaintiff alleges that on June 12, 2025, he filed a petition for restraining order ("TRO") in a Hawaii family court, claiming "coercive control" under Hawaii Revised Statutes ("HRS") chapter 586.[1] ECF No. 1 at PageID.2; *see also* State of Hawaii First Circuit Family Court case, *Graysen Gaine v. Choral Ramirez*, *available at* eCourt Kōkua, https://www.courts.state.hi.us/legal_references/records/jims_system_availability (entering into Case Search "1FDA-25-

---

[1] "Coercive control" means "a pattern of threatening, humiliating, or intimidating actions, which may include assaults, or other abuse that is used to harm, punish, or frighten an individual." HRS § 586-1.

0001314") ("State family court action").[2]  Plaintiff alleges that the TRO petition "detailed ongoing coercive control, including interference with [his] family relationships, household autonomy, privacy, and medical treatment." ECF No. 1 at PageID.2.  Plaintiff alleges that on June 12, 2025, Judge Park denied the petition "without adequate procedural protections depriving [Plaintiff] of a meaningful opportunity to present evidence or arguments and ignoring statutory rights under Hawaii law."[3]  The Complaint also requests "reasonable accommodations to ensure [Plaintiff] can fully and clearly participate in legal proceedings." *Id*.

Plaintiff asserts a violation of due process under the Fourteenth Amendment and 42 U.S.C. § 1983 and claims that he sustained injuries in the form of "ongoing coercion, harassment, and interference with [Plaintiff's] personal autonomy and federally-protected medical treatment" as a result of the denial of his TRO. *Id*.  Plaintiff seeks equitable relief in the form of a declaration that the denial of his TRO violated his due process rights under the United States Constitution; a reconsideration of the TRO by the state court judge; and

---

[2] Also on June 12, 2025, Plaintiff filed a second TRO petition in the same court in *Graysen Gaine v. Vivian Ramirez*, 1FDA-25-0001313.  In the Complaint he only references the State family court case identified as 1FDA-25-0001314.  *See* ECF No. 1.  A court may take judicial notice of matters of public record but it "cannot take judicial notice of disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 999 (9th Cir. 2018).

[3] Plaintiff's TRO in 1FDA-25-0001313 was also denied.

5

"reasonable accommodations recognizing Plaintiff's disability to ensure he can present his case clearly and effectively." *Id*. at PageID.3.

## A. Legal Framework for Claims Under 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). Thus, a plaintiff must allege that he suffered a specific injury because of a particular defendant's conduct and must affirmatively link that injury to the violation of his rights.

## B. Judicial Immunity

"It is well settled that judges are generally immune from suit for

money damages." *Lund v. Cowan*, 5 F.4th 964, 970 (9th Cir. 2021) (internal quotation marks and citation omitted), *cert. denied*, 142 S. Ct. 900 (2022). This immunity extends to declaratory and other equitable relief. *See Craig v. Villicana*, 676 F. App'x 716, 716 (9th Cir. 2017) (affirming application of judicial immunity to state court judge and noting the extension of judicial immunity to declaratory and other equitable relief). "[J]udicial immunity ensures that challenges to judicial rulings are funneled through more efficient channels for review like the appellate process." *Lund,* 5 F.4th at 971. "Judicial immunity also serves the goal of judicial independence." *Id*. "Subjecting judges to liability for the grievances of litigants would destroy that independence without which no judiciary can be either respectable or useful." *Id*. (internal quotation marks and citation omitted).

Although judicial immunity applies only to judicial acts—not to administrative, legislative, or executive functions that judges may sometimes perform—courts have a "broad conception of what constitutes a judicial act." *Id*. Thus, a judicial act does not stop being a judicial act "even if the judge acted with malice or corruption of motive." *Id*. at 972 (internal quotation marks and citation omitted); *see also Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial."); *see also Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (finding

that state court judge who was acting in judicial capacity when refusing an accommodation to a litigant was immune from suit under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act).

Further, except in narrow circumstances not applicable here, 42 U.S.C. § 1983 precludes prospective injunctive relief against state judges on account of their judicial acts. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, *except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable*. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

(emphasis added).

Here, the Complaint's allegations show that Judge Park acted in his judicial capacity. Moreover, the Complaint does not allege that "a declaratory decree was violated or declaratory relief was unavailable," 42 U.S.C. § 1983, nor could it, as "declaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order in state

8

court." *Yellen v. Hara*, 2015 WL 8664200, at *11 (D. Haw. Dec. 10, 2015) (citing *Agbannaoag v. Honorable Judges of Circuit Ct. of First Cir. of Haw.*, 2013 WL 5325053, at *3 (D. Haw. Sept. 20, 2013)) (additional citation and internal brackets omitted).

Thus, Judge Park is entitled to absolute judicial immunity from Plaintiff's § 1983 claims, including claims for prospective injunctive relief. Plaintiff's claims against Judge Park are therefore DISMISSED.[4]

Although it appears to the court that providing Plaintiff leave to amend the Complaint would be futile, given Plaintiff's pro se status, the court will give Plaintiff leave to file a memorandum, consisting of no more than five pages, explaining how Plaintiff could amend his Complaint to state a claim consistent with this Order. That memorandum must be filed by October 7, 2025. Thereafter, the court will review the memorandum to determine whether to allow Plaintiff to file an Amended Complaint. To be clear, the court is not providing Plaintiff the

---

[4] Further, to the extent Plaintiff seeks to challenge final decisions of the Hawaii Family Court, this court would have no jurisdiction under the *Rooker-Feldman* doctrine to overturn decisions made in a state court action. Under *Rooker-Feldman*, federal district courts are precluded from reviewing state court judgments in "cases [1] brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments." *Brown v. Duringer L. Grp. PLC*, 86 F.4th 1251, 1254 (9th Cir. 2023) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "State court appeals belong in state court. Only the United States Supreme Court has federal jurisdiction to hear appeals from the final judgment of a state court." *Plotkins v. Cnty. of Kauaʻi, Fin. Div. Real Prop. Assessment*, 2024 WL 1885791, at *2 (D. Haw. Apr. 30, 2024) (citing *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003)).

opportunity to file an Amended Complaint. Instead, the court is permitting Plaintiff to explain how he could amend the Complaint to state a valid claim.

## IV. <u>CONCLUSION</u>

Based on the foregoing, the Complaint is DISMISSED. Plaintiff's memorandum explaining how Plaintiff could amend the Complaint to state a claim consistent with this Order must be filed by October 7, 2025. Failure to file the memorandum by October 7, 2025 will result in dismissal of the action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 23, 2025.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge